UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
*ELECTRONICALLY FILED*

| | |
|---|---|
| DAVID TURLEY, )<br>)<br>)<br>      Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>SCHLUMBERGER TECHNOLOGY )<br>CORPORATION, )<br>)<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA d/b/a )<br>CIGNA GROUP INSURANCE, )<br>)<br>ADMINISTRATIVE COMMITTEE )<br>OF THE SCHLUMBERGER GROUP )<br>WELFARE BENEFITS PLAN, )<br>)<br>      **Agent for service of process:** )<br>      Administrative Committee )<br>      Schlumberger Group Welfare )<br>      Benefits Plan )<br>      3600 Briarpark Drive )<br>      3rd Floor )<br>      Houston, TX 77042 )<br>)<br>SCHLUMBERGER GROUP )<br>WELFARE BENEFITS PLAN, )<br>)<br>      **Agent for service of process:** )<br>      Administrative Committee )<br>      Schlumberger Group Welfare )<br>      Benefits Plan )<br>      3600 Briarpark Drive )<br>      3rd Floor )<br>      Houston, TX 77042 )<br>)<br>      Defendants. ) | Case No. 2:21-cv-00064-WOB-CJS |

## AMENDED COMPLAINT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, David Turley, and for his Complaint against Defendants Schlumberger Technology Corporation, Life Insurance Company of North America d/b/a Cigna Group Insurance, Administrative Committee of the Schlumberger Group Welfare Benefits Plan, and Schlumberger Group Welfare Benefits Plan, pursuant to Fed. R. Civ. P. 15(a)(1)(B), states as follows:

1. Plaintiff David Turley is a citizen and resident of Pendleton County, Kentucky.

2. Defendant Schlumberger Technology Corporation is a foreign corporation believed to be domiciled in the state of Texas, with its principal office located at 300 Schlumberger Drive MD 23, Sugar Land, Texas 77478.

3. Defendant Schlumberger Technology Corporation's service of process agent is Capitol Corporate Services, Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504, and may served through the same.

4. Defendant Life Insurance Company of North America d/b/a Cigna Group Insurance (hereinafter "LINA") is an insurance company domiciled in the state of Pennsylvania, where it is a citizen and resident, with a statutory home office located at Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania 19192.

5. LINA is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

6. LINA's service of process agent is CT Corporation System, located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601, and LINA may be served upon said service of process agent.

7. Administrative Committee of the Schlumberger Group Welfare Benefits Plan is the Plan Administrator of the welfare benefit plan established by Schlumberger Technology Corporation, a foreign corporation believed to be domiciled in the state of Texas.

8. It is believed that legal process on Administrative Committee of the Schlumberger Group Welfare Benefits Plan may be served on the Administrative Committee at 3600 Briarpark Drive, 3rd floor, Houston, Texas 77042.

9. Schlumberger Group Welfare Benefits Plan is a welfare benefit plan established by Schlumberger Technology Corporation, a foreign corporation believed to be domiciled in the state of Texas.

10. It is believed that legal process on Schlumberger Group Welfare Benefits Plan may be served on the Plan Administrator, the Administrative Committee, at 3600 Briarpark Drive, 3rd floor, Houston, Texas 77042.

11. Jurisdiction and venue are proper in this Court because Defendants transact business and caused damages in the Commonwealth of Kentucky, and Plaintiff was caused harm in Pendleton County, Kentucky. Furthermore, as this case involves claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, this Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. § 1331.

12. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Schlumberger Technology Corporation, employed as a Welder.

13. Schlumberger Technology Corporation established and provided the short-term disability plan (hereinafter the "disability Plan" or "Plan") to its employees, which includes Plaintiff. The Plan number is believed to be SHD-0985347.

14. Plaintiff was covered and eligible under the Plan.

15. The Plan is believed to define disability and entitle Plaintiff to receive benefits if Plaintiff meets the following definition:

    > Initially, you're "Disabled" if you're (1) unable to perform the normal duties of your job due to an illness or injury and (2) receiving *Appropriate Care and Treatment* for that injury or illness. (If you're released to full duty with restrictions, you are considered able to perform the duties of your job.)
    >
    > After you receive 78 weeks of Plan benefits, you're "Disabled" if you're (1) unable to perform the duties of *any* occupation (not just your job at Schlumberger) for which you are reasonably suited due to your education, training or experience and (2) receiving Appropriate Care and Treatment for that injury or illness.
    >
    > You have a "Disability" only if you're Disabled.

16. The "disability plan" provides "Benefits may be paid from the Schlumberger Master Welfare Benefits Trust or from the general assets of the *Company*."

17. STD plan benefits are believed to be paid by Defendant Schlumberger Technology Corporation and from the general assets of Defendant Schlumberger Technology Corporation.

18. Plaintiff became disabled under the terms of the disability plan, which disability arose after the Effective Date, and he was unable to return to work as a Welder since on or about July 24, 2020, and thereafter remained disabled under the terms of the disability plan.

19. Plaintiff timely and properly made a claim under the disability plan. Plaintiff's assigned STD incident number is believed to be 12096739-01.

20. By letter dated September 1, 2020, Defendants denied Plaintiff's claim for STD benefits.

21. Plaintiff timely and properly submitted additional information to Defendants.

22. By letter dated September 18, 2020, Defendants denied Plaintiff's claim for STD benefits.

23. By letter dated October 2, 2020, Defendants upheld the wrongful denial of Plaintiff's STD benefits determining that the additional information submitted by Plaintiff did not change its decision.

24. On February 5, 2021, Plaintiff timely and properly appealed the denial of his disability benefits in the manner set forth in the Plan.

25. By letter dated April 1, 2021, Defendants again upheld the denial of Plaintiff's STD benefits.

26. The April 1, 2021 letter states that Plaintiff has "the right to bring a legal action (file a lawsuit) for disability benefits…"

27. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

28. Plaintiff is entitled to payment of STD benefits from Defendants, as Plaintiff meets the definition of "disability" under the terms of the disability Plan.

29. The disability Plan is benefits governed by ERISA.

## COUNT I

30. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

31. This count is brought under ERISA, pursuant to 29 U.S.C. § 1132(a)(1)(B), to recover benefits under the terms of the disability Plan, as a result of Defendants' improper denials of benefits under the terms of the Plan.

32. Plaintiff is entitled to payment of STD benefits, as Plaintiff meets the definition of "disabled" under the terms of the disability Plan.

33. Defendants have wrongfully withheld, and are responsible for, payment of STD benefits to those entitled to benefits under the disability Plan, including Plaintiff. Defendants have

violated ERISA and specifically 29 U.S.C. § 1132(a)(1)(B) in their refusal to pay owed benefits to Plaintiff.

34. Defendants' decision to deny benefits was wrong, arbitrary and capricious, and against the overwhelming evidence provided to Defendants all of which entitles Plaintiff to recovery of benefits under the terms of the plan, interest, costs and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g).

35. Defendants' review processes lacked due process to Plaintiff.

36. Defendants' review processes were biased in favor of Defendant.

37. Defendants' internal reviews are not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.

WHEREFORE, Plaintiff David Turley demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. 1132(a)(1)(B) and attorney's fees, interest, and costs under 29 U.S.C. 1132(g) pursuant to ERISA.

Respectfully submitted:

/s/ *Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 15, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following registered participants:

- **Adam T. Goebel**
  adam.goebel@skofirm.com,maristela.mendes@skofirm.com, jessica.mcgee@skofirm.com,molly.loy@skofirm.com
- **M. Austin Mehr**
  amehr@austinmehr.com,amlopsc@yahoo.com,kasey@austinmehr.com, pgf@austinmehr.com,shall@austinmehr.com
- **Matthew R. Parsons**
  matt.parsons@skofirm.com,molly.loy@skofirm.com,thelma.hayes@skofirm.com
- **Elizabeth Ann Thornsbury**
  elizabeth@austinmehr.com,amlopsc@yahoo.com,kasey@austinmehr.com, shall@austinmehr.com

**Manual Recipient List:**

- **Travis J. Sales**
  **Baker Botts, LLP – Houston**
  910 Louisiana Street
  One Shell Plaza
  Houston, TX 77002
- **Matthew G. Sheridan**
  **Baker Botts, LLP – Houston**
  910 Louisiana Street
  One Shell Plaza
  Houston, TX 77002

                                              */s/ Elizabeth A. Thornsbury*
                                              ELIZABETH A. THORNSBURY